UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE STROHM,

      Petitioner,                               Civil Action No. 2:13-cv-11801
                                                  Honorable Patrick J. Duggan

v.

RANDALL HAAS,

      Respondent.
_____/

**OPINION AND ORDER SUMMARILY
DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**Introduction**

On April 22, 2013, Michigan prisoner Steve Strohm ("Petitioner") filed this habeas petition under 28 U.S.C. § 2254.  Petitioner is challenging his incarceration following a guilty plea to criminal sexual conduct in the second degree and possession of child sexually abusive material entered in the Jackson County Circuit Court on January 25, 2011.  Petitioner alleges that his incarceration is unconstitutional and that he is entitled to habeas relief because his "sentence is invalid as the departure and extent of the departure are not supported by legally valid reasons."  (ECF No. 1 at 4.)  The Court finds that, on its face, the petition fails to state a claim upon which habeas relief can be granted and, therefore, is subject to summary dismissal.  Petitioner raises only a state-law claim that is not cognizable on federal habeas review. The Court also declines to issue Petitioner a certificate of appealability.

## Background

Petitioner is incarcerated by the Michigan Department of Corrections, currently housed at the G. Robert Correctional Facility in Jackson, Michigan, where he is serving concurrent sentences of seven to fifteen years for criminal sexual conduct in the second degree and two to four years for possession of child sexually abusive material.  Petitioner pleaded guilty on January 25, 2011 in the Circuit Court for Jackson County, Michigan. He was sentenced on March 10, 2011.  Both state appellate courts denied his applications for leave to appeal.  *People v. Strohm*, No. 306843 (Mich. Ct. App. Dec. 5, 2011); *People v. Strohm*, 491 Mich. 921, 812 N.W.2d 753 (Mich. 2012) (unpublished table decision). Petitioner neither filed a petition for a writ of certiorari with the United States Supreme Court nor a post-conviction motion with the state court.  Instead, he filed the pending petition.  It is signed and dated April 18, 2013.

## Standard of Review

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. *See id*.;  *see also McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572 (1994) (citation omitted); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions that raise legally

2

frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the state. *Allen*, 424 F.2d at 141.

### Discussion

As stated, Petitioner alleges that his "sentence is invalid because the departure and the extent of the departure are not supported by legally valid reasons." (ECF No. 1 at 4.)

First, the requirement that a departure from the sentencing guidelines be supported by objective and verifiable evidence derives from Michigan law. *See* Mich. Comp. Laws § 769.34(3); *People v. Babcock*, 666 N.W.2d 231, 237 (Mich. 2003). Habeas relief is not available for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991) (citations omitted). The extraordinary remedy of habeas corpus lies only for a violation of the United States Constitution. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 76 n.7, 97 S.Ct. 1621, 1630 n.7 (1977). The United States Supreme Court has consistently stated that the federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson v. Corcoran*, 562 U.S. – , – , 131 S.Ct. 13, 14 (2010). Accordingly, Petitioner's assertion that his sentence violates the requirements of state law does not raise a cognizable habeas claim.

Moreover, a sentence imposed within the statutory limits is not generally subject to

habeas review. *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.). Petitioner's sentences were within the statutory limits for such offenses under Michigan law. *See* Mich. Comp. Laws § 750.520c(2)(a) (setting forth a maximum term of imprisonment of fifteen (15) years for criminal sexual conduct in the second degree); Mich. Comp. Laws § 750.145c(4) (setting forth a maximum term of imprisonment of four (4) years for possession of child sexually abusive material). A sentence within the statutory maximum set by statute also does not violate the Eighth Amendment; it does not constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).

The Court therefore concludes that Petitioner is not entitled to habeas relief with respect to his sentencing claim, the only claim raised in his petition.

### Certificate of Appealability

Before Petitioner may appeal the Court's decision, the Court must issue him a certificate of appealability ("COA"). 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 1603-04 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve

4

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct.

1029, 1034 (2003) (citation omitted).  In applying this standard, a district court may not

conduct a full merits review, but must limit its examination to a threshold inquiry into the

underlying merit of the petitioner's claims.  *Id.* at 336-37, 123 S.Ct. at 1039.

 The Court concludes that jurists of reason would not find its assessment of

Petitioner's claim debatable or wrong.

 Accordingly,

 **IT IS ORDERED**, that Petitioner's application for the writ of habeas corpus is

**SUMMARILY DISMISSED WITH PREJUDICE**;

 **IT IS FURTHER ORDERED**, that the Court declines to issue a certificate of

appealability.

Dated: June 5, 2013     s/PATRICK J. DUGGAN
          UNITED STATES DISTRICT JUDGE


Copy to:
Steve Strohm, # 794617
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

5